UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES VINCENT BANKS,<br><br>  Plaintiff,<br><br>  v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,<br><br>  Defendants. | Case No. 2:22-cv-01413-CDS-EJY<br><br>**REPORT AND RECOMMENDATION** |

On August 30, 2022, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") together with a Complaint. ECF Nos. 1, 1-1. On September 19, 2022, the Court screened Plaintiff's Complaint permitting two claims to proceed, dismissing one claim with prejudice, and dismissing the remaining claims with leave to amend. Plaintiff was given thirty days from the date of the Screening Order to file an amended complaint that cured the deficiencies of the Complaint. ECF No. 3.

Because Plaintiff did not file an amended complaint, the Court issued a second Order allowing claims to proceed against Defendants C. Myer, Oscar Cardenas, Derek Franklin, Joshua Costello, Okada, Joshua Imperial, Flitcraft, and John Doe Officer. ECF No. 6. The Court instructed the Clerk of Court to send Plaintiff eight USM-285 forms and provided Plaintiff until December 5, 2022 to return the USM-285 forms. *Id.* On December 19, 2022, the Court issued a third Order reiterating Plaintiff's obligation to return the USM-285 forms and instructing Plaintiff to update his address with the Court. ECF No. 9. As of that date (and continuing to today's date), no USM-285 forms completed by Plaintiff were received by the Court and Plaintiff has not updated his address.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with

an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).  A court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262. Plaintiff has had substantial time to comply with two Court orders requiring return of USM-285 forms as well as the Court's Order to update his address.  Plaintiff's failure to comply supports dismissal of this case.

Accordingly, IT IS HEREBY RECOMMENDED that this matter be dismissed without prejudice for failure to comply with the Court's Orders.

Dated this 27th day of January, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).