UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

James Vincent Banks,

           Plaintiff

v.

Joshua Costello, *et al.*,

           Defendants

Case No.: 2:22-cv-01413-CDS-EJY

**Order Adopting Report and Recommendation, Denying Plaintiff's Motion to Vacate Judgment, and Closing Case**

[ECF Nos. 10, 17]

    Pro se plaintiff James Vincent Banks brings this § 1983 case against various defendants for events that took place while he was incarcerated at the Clark County Detention Center (CCDC). In January of this year, Magistrate Judge Elayna J. Youchah issued a report and recommendation (R&R) recommending that I dismiss without prejudice Banks's complaint. ECF No. 10.

    Under this district's local rules, any party wishing to object to a magistrate judge's order on a pretrial matter must file and serve specific written objections within 14 days of service of the order. LR IB 3-1(a). The deadline for any party to object to the R&R in this case was February 10, 2023. ECF No. 10. Banks missed the deadline but sought an extension of the time to file an objection to the R&R. ECF No. 11. The magistrate judge granted that request, extending the deadline to February 28, 2023. ECF No. 13. Banks missed the extended deadline and filed a second motion seeking to extend the time to file an objection to the R&R (ECF No. 15), which I granted via minute order, extending the deadline to March 15, 2023. ECF No. 16. Banks then filed a "motion to vacate judgment," seeking to vacate the magistrate judge's R&R. ECF No. 17. That motion also requests additional time in which to effectuate service on the defendants. *Id.*

Having considered Banks's motion to vacate judgment, which I construe as an objection to the R&R, I have determined that I can resolve the pending objections without a hearing.[1] For the reasons set forth herein, I overrule Banks's objections and adopt the R&R in its entirety. I also deny Banks's motion for additional time to serve the defendants and direct the Clerk of Court to close this case.

I. **Procedural background**

I conducted a de novo review of the R&R under 28 U.S.C. § 636(b)(1)(C). In the R&R, the magistrate judge notes that Banks filed an application to proceed *in forma pauperis* ("IFP") together with his complaint. ECF No. 10 at 1. (citing ECF Nos. 1, 1-1). After screening Banks's complaint, I allowed two claims to proceed and granted Banks leave to amend three of his claims. *Id*. I gave Banks thirty days from the date of the screening order to file an amended complaint that cured the identified deficiencies. *Id*. (citing ECF No. 3). Banks did not file an amended complaint. As a result, Magistrate Judge Youchah issued an order allowing the action to proceed only against defendants C. Myer, Oscar Cardenas, Derek Franklin, Joshua Costello, Okada, and Joshua Imperial on the Fourteenth Amendment excessive-force claim and against defendants Flitcraft and John Doe Officer on the First Amendment retaliation claim. ECF No. 6 at 1. In that same order, the magistrate judge directed the Clerk of Court to send Banks eight USM-285 forms[2] and gave Banks until December 5, 2022, to return the USM-285 forms. *Id*. at 2. Banks missed that deadline. *See* ECF No. 9.

On December 19, 2022, the magistrate judge issued a third order reiterating Banks's obligation to return the USM-285 forms and ordering Banks to update his address with the court by January 23, 2023. *Id*. Banks failed to do so.  On January 27, 2023, Magistrate Judge Youchah issued the R&R finding that Banks failed to comply with multiple court orders and recommending that I dismiss Banks's complaint without prejudice. *Id*. at 2.[3]

---

[1] "All motions may be considered and decided with or without a hearing." LR 78-1.

[2] These are forms used by the U.S. Marshals in effectuating service.

[3] A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (affirming dismissal for failure to comply

2

## II. Legal standard

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party timely objects to a magistrate judge's R&R, the court is required to "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1). When reviewing the R&R, the findings or recommendations should be set aside only if the report is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). An R&R is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). Further, a district court must review *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). And Federal Rule of Civil Procedure 72(b)(2) requires "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(2).

## III. Discussion

Courts must liberally construe documents filed by pro se litigants and afford them the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberally construing Banks's filing, I find that he fails to lodge specific objections to the R&R and fails to demonstrate that the R&R is either clearly erroneous or contrary to the law. Instead, Banks claims that the court should vacate the R&R[4] because he mailed in a "notice of change of address" and "notice of current address" on two separate occasions. ECF No. 17 at 5–6. But this

---

with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

[4] Banks refers to the R&R as a "judgment." ECF No. 17. I construe the use of the term "judgment" as a reference to the R&R.

3

assertion is not an objection demonstrating that the R&R is either clearly erroneous or contrary to the law, and Banks incorrectly believes that the court did not have his correct address. Banks was ordered to update his address before January 23, 2023. ECF No. 9. He filed an untimely notice updating his address on January 30. 2023. *See* ECF No. 11. Banks moved for an extension of time until February 28, 2023, to file objections to the R&R based, in part, on the court receiving his new address[5] after the R&R was issued. ECF No. 12. That motion was granted. ECF No. 13. Banks missed that deadline. Banks then filed a second motion for extension of time to file objections (ECF No. 15) asserting that he needed more time because of his change of address, because he was recently ill, and because he encountered some "technical difficulties." ECF No. 15. That motion was also granted, giving Banks until March 15, 2023, to file objections. *See* ECF No. 16. Banks then filed the motion to vacate judgment. ECF No. 17.

      Liberally construing Banks's motion, I conclude that he argues that his change of address constitutes both excusable neglect and good cause for this court to reject the R&R. ECF No. 17 at 2. But that is the not the correct standard under which the court must review the R&R, and the court had, in fact, received Banks's updated address, contrary to his assertion otherwise. Moreover, Banks has repeatedly missed deadlines, including failing to: (1) serve the USM-285 forms by December 5, 2022 (ECF No. 6); (2) update his address by January 23, 2023 (ECF No. 9); and (3) file objections by February 23, 2023 (ECF No. 13). It is clear that Banks was aware of the local rule requiring that he update his address, as he did initially comply. *See* ECF No. 5 (updating his address in November 2022). But he failed to timely update his address when he

---

[5] The motion discusses Banks's submission of additional paperwork in another case, 2:20-cv-00556-MMD-NJK. (The docket numbers in this footnote refer to the docket in that other case). In reviewing that docket, I note that Banks is familiar with the requirements to effectuate service. *See* ECF No. 95 (ordering U.S. Marshals to provide USM-285 forms to Banks); ECF Nos. 99 and 100 (executed summons). In that case, Banks was also ordered to file responses to a motion to compel by December 5, 2022. ECF No. 107. Banks did not respond. He was also ordered to update his address in that case, or risk dismissal. ECF No. 98. Banks complied. ECF No. 101. He failed to file a timely response to a motion for summary judgment. ECF No. 111. And he filed a similar motion in that case seeking to file an untimely response. *See* ECF Nos. 117, 118.

moved again. The information provided by Banks is insufficient to justify his non-compliance with the local rules and this court's orders.

So I find that the magistrate judge correctly determined that Banks failed to comply with multiple court orders. I therefore overrule Banks's objections, adopt the R&R in full, and dismiss this action without prejudice. And, because Banks fails to submit sufficient evidence demonstrating excusable neglect, his request for additional time to serve the defendants is denied.

IV.  Conclusion

IT IS THEREFORE ORDERED that the magistrate judge's R&R **(ECF No. 10) is AFFIRMED and ADOPTED in full**.

IT IS FURTHER ORDERED that Banks's motion to vacate, which I construe as an objection to the R&R, **(ECF No. 17) is DENIED**.

IT IS FURTHER ORDERED that the Clerk of Court is directed to CLOSE THIS CASE.

DATED: April 4, 2023

_____
Cristina D. Silva
United States District Judge

5